PB-80 Doe v Amherst Cent. Sch. Dist. (2025 NY Slip Op 25073)

[*1]

PB-80 Doe v Amherst Cent. Sch. Dist.

2025 NY Slip Op 25073

Decided on March 25, 2025

Supreme Court, Erie County

Chimes, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 25, 2025
Supreme Court, Erie County

PB-80 Doe, Plaintiff,

against
Amherst Central School District, THOMAS MORSE, JR., Defendants.
PB-81 DOE, Plaintiff,
against
AMHERST CENTRAL SCHOOL DISTRICT, THOMAS MORSE, JR., Defendants. 
PB-82 DOE, Plaintiff,
against
AMHERST CENTRAL SCHOOL DISTRICT, THOMAS MORSE, JR., Defendants.

Index No. 811020/2021

for plaintiffs: Diane Paolicelli, Esq.
Phillips & Paolicelli, LLP
for Amherst CSD: Thomas Kawalec, Esq.
Chelus, Herdzik, Speyer & Monte

Deborah A. Chimes, J.

Plaintiffs move for an Order granting leave to file a Second Amended Complaint pursuant to CPLR 2001 and 3025(c); and directing defendants, Amherst Central School District, (hereafter, the District), and Thomas Morse Jr., to file an Answer 20 days after the filing of the Second Amended Complaint, (PB-80 NYSCEF motion 006, PB-81 NYSCEF motion 008, and PB-82 NYSCEF motion 006). At oral argument the parties advised the Court they were stipulating to the filing of a Second Amended Complaint and have done so accordingly. Therefore, the motions are moot.
Plaintiffs also move for an Order pursuant to CPLR 3124, 3126 and 22 NYCRR § 202.20-d compelling the District to produce a corporate representative to testify concerning unwritten policies, customs and/or practices for the protection of children from child sex abuse during the 1960's and 1970's; or in the alternative precluding the District from taking a position, or offering any testimony at trial on these issues, (PB-80 NYSCEF 007, PB-81 NYSCEF 009 and PB-82 NYSCEF 007). The District opposes the motions.
BACKGROUND
Plaintiffs requested the District produce a corporate representative to testify on its policies, concerning prevention, identification, investigation, reporting, and training on the prevention and detection of child sex abuse, whether they were written or oral. The District provided a response to interrogatories and advised plaintiffs that the District intended to offer a former teacher, Helga Wahl, as their §202.20-d representative. Ms. Wahl however later advised the District she did not feel comfortable being the District's representative and requested a subpoena. In light of those circumstances, the District produced Deborah Custodi as their representative. 
At her deposition, Ms. Custodi testified she began working for the District in 2004. She also testified to the District's inability to locate any written policies that were in place during the 1960's and 70's regarding sexual abuse. When asked about unwritten or oral policies during the time in question, she was unable to provide relevant information.
Plaintiffs noticed a second deposition pursuant to 22 NYCRR §202.20-d, seeking the deposition of a District representative who could provide testimony on any oral or unwritten policies regarding the "prevention, identification, investigation, reporting, and training on the prevention and detection of child sex abuse." The District advised plaintiffs there was no such employee and that any employees who may have such knowledge were no longer employed by [*2]or within control of the District. The District then disclosed to plaintiffs the names of former employees who may have relevant information along with their last known addresses and phone numbers. Plaintiffs deposed one such witness, Helga Wahl.
ARGUMENTS OF COUNSEL
In support of the motion to compel, plaintiffs argue the District should be compelled to educate and produce a representative who will bind the District on the issue of the relevant oral/unwritten policies or be precluded from offering "any evidence on the issue of policies and procedures at the Junior High in the 1960's and 1970's." Plaintiffs further argue the District should educate a representative by sharing information garnered from interviews of the former employees that counsel believes the District conducted. Counsel bases her belief the District conducted interviews on a letter written by defense counsel dated October 18, 2024, wherein counsel states "Ms. Custodi would be basing her entire testimony concerning verbal policies and procedures based on interviews with the above referenced individuals." The individuals being the non-party witnesses disclosed to plaintiffs. 
In opposition to the motion, the District submitted the Affidavit of the corporate representative previously deposed, Deborah Custodi. In the Affidavit, Ms. Custodi attested that she is unaware of any unwritten policies for the period in question (1968-1973); that she is unaware of any current District employee having such knowledge; and that she is unaware of any District employee, including herself, that conducted interviews with former employees regarding such policies.
The District argues, that based on the passage of time (50 years or more), there is no relevant information "reasonably available" to educate a corporate representative on the issue of oral or unwritten policies or the District's customs and practices and therefore cannot comply with the request. The District also argues that to have an employee interview former employees to become educated is unduly burdensome and would raise hearsay issues at the time of trial.
DISCUSSION
22 NYCRR §202.20-d titled, "Depositions of Entities: Identification of Matters", reads in relevant part:
"(b) Notices and subpoenas directed to an entity may enumerate the matters upon which the person is to be examined, and if so enumerated, the matters must be described with reasonable particularity."
"(f) the individual(s) designated must testify about information known or reasonably available to the entity."
Here, there is no issue regarding the obligation imposed under 22 NYCRR §202.20-d to produce and educate a District employee who can address the issues enumerated in the plaintiff's second §202.20-d notice. Instead, the issue raised is what is required by an entity to educate a representative through "information known or reasonable available".
In the two Child Victim Act cases relied on by plaintiffs, the corporate representative was found to be inadequately prepared for a deposition and defendant was compelled to produce and prepare a second witness. Those cases however are distinguishable from the circumstances here. In the cases plaintiffs relied on, it was established the defendant had access to relevant documents that were either already produced during discovery or accessible to defendant (see Estate of Gallagher v Cath. Foreign Mission Soc'y of Am., Inc., 64 Misc 3d 943 [Sup Ct, Westchester County 2019]; and John Doe v Archdiocese of New York, 2023 NY Misc. LEXIS [*3]13651 [Sup Ct, New York County, Oct. 26, 2023]). Relevant documents can be considered information "reasonably available" to the entity to educate a designated witness. Here, however, the District has not disclosed, nor does it possess such documents. 
Rather, in this case, the claimed available information are the potential memories of non-party witnesses who are former teachers and whose identity and last known contact information has been disclosed. Plaintiffs take the position that the District previously interviewed these witnesses and should therefore educate a corporate representative based on those interviews or the District should interview those former employees and educate a designated witness on the information obtained. Plaintiffs rely on Federal caselaw to support their position. 
The Federal Rules of Civil Procedure have a requirement similar to that of 22 NYCRR §202.20-d. Under Federal Rule 30(b)(6), when a party seeks to depose a corporation and states the subject matter of the proposed deposition, the corporation must produce someone familiar with the subject and the person must testify about "information known or reasonably available to the organization." However, "if the corporation does not possess knowledge of the topics in a Rule 30(b)(6) notice, then 'its obligations under Rule 30(b)(6) obviously cease, since the rule requires testimony only as to matters known or reasonably available to the organization.'" (Beverley v New York City Health and Hospitals Corp, 2024 WL 2125402, *6, 2024 US Dist LEXIS 88298, *17 [SD NY, May 13, 2024, No. 18CV08486 (ER)] citing Bigsby v Barclays Capital Real Estate, 329 FRD 78, 81 [SD NY 2019]). 
Plaintiffs cite to two Federal cases to support the proposition that reasonably available information includes educating a corporate witness through past employees: Rocco v NY State Ct. Officers Ass'n, 2024 WL 5247686, 2024 US Dist LEXIS 234250 [SD NY, Dec. 30, 2024, No. 23CV10973 (LJL)] and Function Media, L.L.C. v Google, Inc. 2010 WL 276093, 2010 US Dist LEXIS 3275 [ED Tex, Jan. 15, 2010, No. 2:07CV279 (CE)]. The reliance, however, is misplaced. Rather, the Court calls attention to Ierardi v Lorillard, 1991 WL 158911, 1991 US Dist LEXIS 11320 [ED Pa, Aug. 5, 1991, No. 90CV7049], which is the precedent relied on by the Federal Court decisions to support the proposition that "the corporation 'must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources'" (Rocco v New York State Court Officers Ass'n, 2024 WL 5247686, *1, 2024 US Dist LEXIS 234250, *2 [SD NY, Dec. 30, 2024, No. 23CV10973 (LJL)] citing Beverley v New York City Health & Hosps. Corp., 2024 WL 2125402, *1, 2024 US Dist LEXIS 88298, *16 [SD NY, May 13, 2024, No. 18CV088486 (ER)] quoting Bank of New York v Meridien BIAO Bank Tanzania Ltd., 171 FRD 135, 151 (SD NY 1997] citing United States v Taylor, 166 FRD 356 [MD NC 1996] citing Ierardi v Lorillard, Inc., 1991 WL 158911, 1991 US Dist LEXIS 11320 [ED Pa, Aug. 5, 1991, No. 90CV7049]). 
In Ierardi, defendant, like the District here, swore there was no current employee who had personal knowledge of the information sought and argued it should not be required to designate a witness to testify pursuant to Rule 30(b)(6). However, unlike the case before the Court, defendant in Ierardi, admitted it "possessed records which a designee could study to formulate a response to plaintiff's inquiries" (Ierardi, 1991 WL 158911 at *4, emphasis added). Therefore, the Ierardi Court determined "although the task may be difficult, it would not be unduly burdensome to designate and prepare a witness to testify" (id.). 
Regarding past employees, the Ierardi Court specifically noted under the heading "Potential Designee" that a corporation, "is not required to designate a retired employee to serve as a 30(b)(6) designee, because 'it cannot be supposed that former employees would identify [*4]their interests with those of their former employers to such an extent that admissions by them should be held to bind the employer'" (Ierardi, 1991 WL 158911 at *6, internal citation omitted). If, on the other hand, defendant is willing to be bound by the retired employee's testimony, defendant may agree to produce the retired employee as its 30(b)(6) witness (Ierardi, 1991 WL 158911 at *7).
In light of the Ierardi decision, the Count finds the cases relied on by plaintiffs unpersuasive and finds information "reasonably available" does not require an entity to interview former employees to prepare and produce a §202.20-d witness. 
Under the circumstances of this case, the District does not possess the knowledge plaintiffs seek such that it can prepare a designated witness. Therefore, its obligation ceases (see Bigsby, 329 FRD at 81). Further, to compel the District to interview former employees to educate a designated witness would not only be unduly burdensome and lead to testimony replete with hearsay but would also compel the District to unwillingly bind itself to the testimony of the former employees. 
However, in taking the position that there is no available information to educate a designated representative on oral or unwritten policies regarding the prevention, identification, investigation, reporting, and training on the prevention and detection of child sex abuse, the District cannot, at the time of trial, take a contrary position and cannot produce evidence on the issue of unwritten or oral policies relative to the topics enumerated in the § 202.20-d notice, unless the District can introduce "evidence explaining the reasons for the change" (United States v. Taylor, 166 FRD at 362). 
At oral argument the District indicated it anticipates introducing the testimony of the previously disclosed former employees at trial. Though the District did not state the relevancy of such testimony, it is precluded from offering such testimony to establish the District's oral/unwritten policies and/or the District's customs and practices, regarding the prevention, identification, investigation, reporting, and training on the prevention and detection of child sex abuse. In other words, given the District's position that there is no information reasonably available to educate a designated witness on the issue of unwritten/oral policies regarding the topics enumerated in the plaintiffs' §202.20-d notice, the District is precluded from offering evidence at the time of trial on those enumerated topics, absent a showing of a change in evidence. This however does not preclude the District from arguing against any position asserted or evidence introduced, or offering evidence on a different relevant issue. The Court's decision does not preclude the District from offering the testimony of the non-party fact witnesses regarding issues such as, but not limited to, the individual teacher's customs and practices, the standard at the time of the alleged incidents, notice, or other relevant issues. 
Plaintiffs' motion to compel is denied. Plaintiffs' motion to preclude is granted as limited by this Decision. 
Counsel for the District is to prepare and e-file an Order for each motion on approval of counsel for plaintiffs. The Orders shall attach and refer to the Court's Decision and be filed in 30 days. 
DATED: March 25, 2025
Buffalo, New York
Hon. Deborah A. Chimes, J.S.C.